UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-386

| | | |
|---|---|---|
| **FRANKLIN A. OLIVER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment[1] (Doc. No. 7) and Commissioner's Motion for Summary Judgment (Doc. No. 8). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff Franklin A. Oliver ("Oliver" or "Plaintiff") filed his application for Disability Insurance Benefits on February 4, 2014, alleging a disability onset date of November 26, 2013. After Plaintiff's claim was denied both initially and on reconsideration, he requested and was granted a hearing before Administrative Law Judge Sherman D. Schwartzberg ("the ALJ"). The ALJ issued a decision on October 20, 2015, that Plaintiff was not disabled, from which Plaintiff appealed to the Appeals Council. On September 30, 2016, Plaintiff's request for review was

---

[1] The Court treats Plaintiff's Memorandum Brief as a Motion for Summary Judgment.

1

denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II. Factual Background

In his decision, the ALJ at the first step determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23). At the second step, the ALJ concluded that Plaintiff has the following severe impairment: status post left L4-L5 micro-lumbar discectomy; chronic back pain syndrome; type II diabetes mellitus; and obesity. (*Id.*). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 24).

The ALJ then found that Plaintiff has the residual functional capacity (RFC) to perform sedentary work, "which includes standing and walking four hours in an eight-hour workday; sitting six hours in an eight-hour workday; occasional postural limitations; no climbing ladders, ropes, or scaffolds; avoid concentrated exposure to hazards and vibrations; and the claimant can perform simple, unskilled work." (*Id.*). Based on these limitations, the ALJ found in the fourth step that Plaintiff is not capable of performing his past relevant work as a truck driver. (Tr. 29). But, at the fifth step, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30). Accordingly, the ALJ found that Plaintiff was not disabled under the Act. (*Id.*).

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal

standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff's first assignment of error is that the ALJ failed to adequately translate Dr. Plaut's findings into appropriate limitations in Plaintiff's RFC.

The RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p. The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p.

An RFC assessment must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting S.S.R. 96-8p). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Further, remand may be appropriate "where an ALJ fails to assess a claimant's

3

capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

Dr. Plaut, Plaintiff's primary care provider, opined that, among other limitations, Plaintiff's pain would "frequently interfere (1/3 to 2/3 of an eight-hour day) with attention and concentration." Although the ALJ found other aspects of Dr. Plaut's opinion to be unsupported by the record, the ALJ agreed that this particular conclusion was "consistent with the medical evidence of record." (Tr. 28). Plaintiff argues that the ALJ failed to incorporate this evidence into the RFC. Plaintiff further argues that this failure was not harmless because a vocational expert testified that an individual who was off task for even 20 percent of the workday could not work. (Pl.'s Mem., 6).

The Commissioner argues in response that the ALJ properly found that Plaintiff did not have a severe mental impairment and was thus not entitled to any limitation. Indeed, the ALJ did not in any part of his decision find that Plaintiff has a mental impairment. But then the Commissioner states that nonetheless the ALJ sufficiently addressed Plaintiff's attention and concentration impairments by "afford[ing] Plaintiff the benefit of the doubt [and] limiting him to unskilled work based on Dr. Plaut's opinion." (Def.'s Mem., 6 n.1).

This argument is self-contradictory and demonstrates the inadequacy of the ALJ's explanation. On one hand, the ALJ purportedly agreed with Dr. Plaut's conclusion that Plaintiff's pain would interfere with his concentration for more than one-third of the work day. But on the other, the ALJ failed to explain how this finding translated into an analysis of Plaintiff's concentration, persistence, and pace, and further failed to explain how it factors into Plaintiff's RFC. "[A] claimant's pain and residual functional capacity are not separate

assessments to be compared with each other. Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." *Mascio*, 780 F.3d at 639.

Because the ALJ's opinion regarding Plaintiff's ability to concentrate during the course of a normal work day fails to address contradictory findings and is inadequately explained, this Court is unable to evaluate whether or not the ALJ's RFC determination is supported by substantial evidence. And in light of the testimony of the vocational expert, the Court agrees with Plaintiff that this failure to explain is not harmless error.

## V. Conclusion

For the foregoing reasons, the Court is unable to find that the ALJ's decision is supported by substantial evidence. This case is remanded for the ALJ to reassess Plaintiff's mental limitations in light of his pain, and to explain how those limitations impact Plaintiff's RFC. While this Court has not addressed Plaintiff's other arguments, on remand the ALJ should also carefully review the other errors Plaintiff alleges.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**, the Commissioner's Motion for Summary Judgment (Doc. No. 8) is **DENIED**, and the decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act is **VACATED AND REMANDED**.

**SO ORDERED**.

Signed: April 18, 2018

Graham C. Mullen
United States District Judge